**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **VS.** | ) | **CR-06-128t** |
| | ) | |
| **ERNESTO RODOLPHO** | ) | |

## DEFENDANT'S SENTENCING MEMORANDUM
## INTRODUCTION

Through counsel, Ernesto Rodolpho files the following Sentencing Memorandum setting forth the factors the Court should consider in determining the sentence that is "sufficient but no greater than necessary" to comply with the statutory directives set forth in 18 U.S.C. § 3553(a). This Memorandum is submitted in support of Mr. Rodolpho's motion for sentencing consideration advocating a sentence outside of the advisory guideline range. Mr. Rodolpho respectfully requests that this court sentence him to a term of twenty four (24) months of imprisonment followed by a term of three (3) years of supervised release.

## BACKGROUND

The instant offense occured on September 8, 2006. At approximately 5:25 p.m. Mr. Rodolpho entered the Soverign Bank on Elmwood Avenue in Providence. He approached a teller, spoke to her in Spanish and handed her a plastic bag. The teller placed $895 and a dye pack into the bag.

When Mr. Rodolpho was stopped for an unrelated traffic matter on September 19, the officers recognized him from the surveillance photo of the bank robbery. Police also noticed red dye on the front passenger seat of his vehicle. Upon his arrest Mr. Rodolpho waived his Miranda rights and agreed to speak to the police. He admitted to the September 8th bank robbery.

Mr. Rodolpho was charged in State Court and held at the Adult Correctional Institution. On November 8, 2006 a Federal Grand Jury indicted Mr. Rodolpho for one count of Bank Robbery in violation of Title 18 U.S.C.§ 2113(a).

The probation department has calculated Mr. Rodolpho's offense level at nineteen with a criminal history category two. The advisory guideline range is thirty three to forty one months.

**SENTENCING CONSIDERATIONS**

In determining the appropriate sentence for a criminal defendant the court is bound to consider the sentencing factors set forth in 18 U.S.C. §3553(a). After taking all of those factors into account the court must impose a sentence that is "sufficient, but not greater than necessary" to achieve the four goals and purposes of sentencing. 18 U.S.C. §3553(a)[1]. This provision, the so called "parsimony provision", is the umbrella under which all other sentencing factors and considerations fall.

The United States Supreme Court decision in *U.S. v. Booker*, 543 U.S. 220 (2005) rendered the Federal Sentencing Guidelines advisory rather than mandatory. Instead of being bound by the Sentencing Guidelines, *Booker* now "requires a court to consider Guideline ranges, . . . but permits the court to tailor the sentence in light of other statutory concerns as well" *Id* at

---

[1]The purposes of sentencing are set forth in 18 U.S.C. §3553 (a)(2), that statute provides that the court must consider;

> the need for the sentence imposed-
> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> (B) to afford adequate deterrence to criminal conduct;
> ( c) to protect the public from further crimes of the defendant; and
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner

245-246. Although no longer mandatory, the Federal Sentencing Guidelines are still a factor that the court must consider in making the ultimate determination of the appropriate sentence to impose in any criminal case.

The post *Booker* sentencing process mandated by the first Circuit requires the district court Judge to first consult the guidelines, calculate the appropriate range, and to then decide whether or not to exercise discretion and sentence outside of the guideline range. *United States v. Jimenez-Beltre, 440 F.3d 514, 518-519 (1st Cir. 2006); United States v. Thurston, 456 F.3d 211, 215 (1st Cir. 2006)*.

The defendant respectfully requests that this Honorable Court impose a sentence below the advisory guideline range.

**NATURE AND CIRCUMSTANCES OF THE CHARGE**

18 U.S.C. §3553(a) directs sentencing courts to consider several factors when determining the appropriate sentence for a criminal defendant. The court must consider; "the need for the sentence imposed ... to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense" Mr. Rodolpho was arrested for a bank robbery. Obviously by its very nature a bank robbery is dangerous and frightening. In this case there was no weapon and no effort to harm anyone. Mr. Rodolpho was given what is a relatively small amount of money and he left the bank without incident.

**DETERRENCE AND THE NEED TO PROVIDE**

**EDUCATION OR VOCATIONAL TRAINING**

The other important factors that the court must consider in determining an appropriate sentence for Mr. Rodolpho are deterrence of future criminal activity both by this defendant and by others and the need to provide for his educational or vocational training, medical care, or other

correctional treatment. 18 U.S.C. § 3553. A sentence of twenty four months in federal prison for someone who is fifty seven years old and has very limited prior contacts with the criminal justice system is lengthy. No additional deterrent effect would be realized by sentencing him to a longer sentence.

**CONCLUSION**

For all of these reasons, Mr. Rodolpho requests that this Court impose a sentence of twenty four months to serve followed by a period of supervised release. A more severe sentence in this case would not achieve greater justice, deterrence, incapacitation, or rehabilitation.

Respectfully submitted

Ernesto Rodolpho
By his attorney,

/s/ Mary S. McElroy, 4830
Assistant Federal Defender
10 Weybosset St., Ste 300
Providence, RI 02903
(401) 528-4281FAX 528-4285
mary_mcelroy@fd.org

CERTIFICATION

I hereby certify that a copy of this memorandum was delivered by electronic notification to Zechariah Chafee, Assistant United States Attorney and Dennis Jenkins, USPO, on March 20, 2007.

/s/ Mary S. McElroy